# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CAITLIN OVERTURF,**

    Plaintiff,

v.	Case No.

**PULTEGROUP, INC.,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Caitlin Overturf** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **PulteGroup, Inc.** ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*).

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

### GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA

10. At all times material hereto, Defendant was an "employer" within meaning of Title VII and the FCRA

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant from on or around December 2, 2019, until her unlawful constructive termination on or around October 14, 2022.

13. At the time of her separation, Plaintiff held the position of Customer Care Manager II.

14. Plaintiff is a female.

15. Plaintiff was an exceptional performer for Defendant.

16. Plaintiff consistently received high performance reviews and ranked extremely high within the company.

17. Despite her performance, Plaintiff was subjected to discrimination in the workplace due to her sex.

18. For example, Plaintiff was passed over for multiple promotional opportunities, despite being more qualified than the male colleagues were given the promotions.

19. Defendant also assigned Plaintiff unmanageable workloads with no assistance.

20. During her employment, Plaintiff trained two male employees who were eventually promoted as her superiors.

21. Plaintiff complained to Defendant that she felt she was being treated differently than male employees and that she was overlooked for promotions due to her sex.

22. Defendant failed to take any remedial action.

23. Despite nearly two years of exceptional performance, in September 2022 Defendant placed Plaintiff on an unwarranted Performance Improvement Plan ("PIP").

24. Plaintiff immediately complained that Defendant is retaliating against her for her earlier complaints of discrimination based on her sex.

25. Defendant summarily dismissed Plaintiff's complaint and failed to take any remedial actions again.

26. Although Defendant framed the PIP as a teaching tool, Plaintiff received no help or feedback on her performance and Defendant failed to return her calls.

27. Due to the ongoing discrimination and failure to address her concerns, it was made clear to Plaintiff that she had effectively been terminated.

28. Defendant made Plaintiff's working conditions so intolerable that no reasonable person would have worked under those conditions.

29. Immediately thereafter, Plaintiff accepted a job with Randall Interior Finishes and informed Defendant of the same.

30. Defendant then contacted Randall Interior Finishes, one of their subcontractors, and threatened to cancel the contract between the companies if they hired Plaintiff. Randall Interior Finishes revoked Plaintiff's job offer immediately.

31. Defendant chose to take adverse employment action against her by retaliating against her for engaging in protected activity under Title VII and the FCRA.

32. Defendants retaliation followed Plaintiff after she was terminated by Defendant by using its power over sub-contractors to blacklist Plaintiff from working.

33. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII and the FCRA.

## **COUNT I – FCRA VIOLATION (DISCRIMINATION)**

34. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff is a member of a protected class under the FCRA.

36. Plaintiff was subjected to disparate treatment.

37. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

38. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

 (e) Award reasonable attorney's fees and costs to Plaintiff; and

 (f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

39. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

40. Plaintiff is a member of a protected class under the FCRA

41. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

42. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

43. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

 (a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

 (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

 (c) Award back pay to Plaintiff plus interest and all benefits;

 (d) Award liquidated damages to Plaintiff;

 (e) Award reasonable attorney's fees and costs to Plaintiff; and

 (f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III — TITLE VII VIOLATIONS
## (SEX DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

40. Plaintiff is a member of a protected class based on Plaintiff's sex.

41. Plaintiff was subjected to disparate treatment by Defendant based on Plaintiff's sex, including being subjected to less favorable terms, conditions and privileges of employment as male employees.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

(k)

## COUNT IV—TITLE VII VIOLATION
### (RETALIATION)

44. Plaintiff re-alleges and re-adopts paragraphs 1 through 33 of this Complaint as if fully set forth herein.

45. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of Title VII.

46. Defendant's actions were willful and done with malice.

47. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

48. Plaintiff was injured due to Defendant's violations of Title VII, including but not limited to losing her job, to which Plaintiff is entitled to legal and injunctive relief.

49. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of Title VII;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 23rd day of August, 2023.

    Respectfully submitted,

    */s/ Chad A. Justice*
    **CHAD A. JUSTICE**
    Florida Bar Number: 121559
    Samuel Doxsee
    Florida Bar Number: 127318
    **JUSTICE LITIGATION ASSOCIATES, PLLC**
    1205 N Franklin St. Suite 326
    Tampa, Florida 33602
    Direct No. 813-566-0550
    Facsimile: 813-566-0770
    E-mail: chad@justicelitigation.law
    E-mail: sam@justicelitigation.law
    **Attorney for Plaintiff**